# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMY L. MORGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KINUM, INC.,<br><br>Defendant. | Civil Action, Case No. 1:20-cv-01484 |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff AMY L. MORGAN, individually, and on behalf of all others similarly situated, by and through her undersigned counsel and asserts a Class Action Complaint against Defendant KINUM, INC. and in support states:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff brings this putative class action on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action has been filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

3. Plaintiff AMY L. MORGAN ("Plaintiff") is a citizen of the State of Illinois, and resides and is otherwise domiciled within the confines of this Judicial District.

4. Defendant KINUM INC. ("Defendant") is incorporated in Virginia Beach, Virginia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant treated her as if she was a "natural person obligated or allegedly obligated to pay a[] debt."

1

6. Plaintiff seeks to represent a class of similarly situated persons (at times "Consumers" or "putative class members") who received the same form collection letter.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is regularly engaged in the collection of defaulted debts.

9. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District through the mailing of the subject collection letters to Plaintiffs who reside within this Judicial District.

## II. GENERAL ALLEGATIONS

10. The collection letters sent to Plaintiff are standard form letter utilized by Defendant.

11. The subject collection letters sought to collect a debt that Plaintiff owed to Green Field Banking Company (the "Subject Debt").

12. Plaintiff incurred the Subject Debt as a result of purchasing personal and household goods by and through funds supplied by Green Field Banking Company.

13. When Defendant mailed the subject collection letters to Plaintiff, Defendant was attempting to collect a consumer debt as defined by the FDCPA because the Subject Debt was incurred for personal and household items.

14. In an attempt to collect the subject debt, Defendant sent a letter to Plaintiff dated December 18, 2019, where the collection letter listed an "AMOUNT DUE" of $415.54.

15. A true and accurate image of the December 18, 2019 collection letter is depicted on the following page:



16. The December 18, 2019 collection letter contained a column that stated that the "Principal Amount" owed was $415.54.

17. Next to the "Principal Amount" column was a column that stated "Interest Amount" followed by "$0.00".

3

18. The December 18, 2019 collection letter did not list "N/A" or "Not Applicable" in the "Interest Amount" column.

19. Defendant should have listed "N/A" or "Not Applicable" in the "Interest Amount" column to explain to Plaintiff whether or not the Subject Debt was not accruing interest.

20. In an attempt to collect the subject debt, Defendant sent a letter to Plaintiff dated January 8, 2020, where the collection letter listed a "CURRENT AMOUNT DUE" of $415.54.

21. A true and accurate image of the January 8, 2020 collection letter is depicted below:



22. The January 8, 2020 collection letter contained a column that stated that the "Current Principal" owed was $415.54.

23. Next to the "Current Principal" column was a column that stated, "Interest Amount" and below the column was listed "$0.00".

24. The January 8, 2020 collection letter did not list "N/A" or "Not Applicable" in the "Interest Amount" column.

25. Defendant should have listed "N/A" or "Not Applicable" in the "Interest Amount" column to explain to Plaintiff whether or not the Subject Debt was not accruing interest.

26. Next to the column that stated, "Interest Amount" was a column that stated "Fees".

27. The amount listed in the "Fees" column was listed "N/A".

28. When Plaintiff read the collection letters, a reasonable reading of the letters implied that the amount owed, listed differently as "Principal Amount" and "Current Principal", indicated that the amount owed could increase over time.

29. Both collection letters listed "Interest Amount" as an open-ended figure, rather than by stating "N/A".

30. Accordingly, the collection letters failed to reasonably explain to Plaintiff (and other Consumers like her) whether the Subject Debt (and other similar debts) would or would not increase over time through the imposition of interest while the debt was being collected by Defendant.

31. The December 18, 2019, collection letter did not state, "no interest will be added to your AMOUNT DUE."

32. The January 8, 2029, collection letter did not state, "no interest will be added to your CURRENT AMOUNT DUE."

33. Both collection letters reserved the ability to add interest to the Subject Debt by not stating "N/A" below the "Interest Amount" column.

34. Defendant's collection letters were written to suggest to consumers like Plaintiff that interest could be added to the "AMOUNT DUE" or the "CURRENT AMOUNT DUE".

35. The manner in which each standard form collection letter identifies "Interest Amount" as $0.00, as opposed to N/A, violates Sections 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA because it was not clear to a consumer like Plaintiff whether Defendant would add interest.

36. Based upon the inclusion of the potential interest and the fact that neither collection letter specifically disavowed the accrual of potential interest, it is plausible for Plaintiff and others like her to understand their debts to be variable in character (subject to increase through the addition of interest) as opposed to static (not-increasing over time)

37. The manner in which each standard form collection letter identified the possible imposition of interest (as opposed to not included an open-ended column) violates Sections 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA.

38. Each of the above omissions or misstatements effected and impacted the character of the subject debt.

39. The above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned to Defendant for collection.

40. Based upon common industry practice, the subject form collection letters were mailed by Defendant to over forty persons within mailing addresses located within this District and the State of Illinois.

41. There are common questions of law and fact between Plaintiff's claims and those of the class.

42. Plaintiff's legal claims are typical of the putative class members, as their claims are based upon standard form collection letter and the same facts and legal theories as the putative class members.

43. Common factual and legal issues predominate over any issues involving only individual putative class members.

44. The Common factual and legal issues are; (a) whether the standard form collection letters' use of "Interest Amount" $0.00 where Defendant is capable of using "N/A" when it wants to, violates Sections 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA

45. Plaintiff AMY L. MORGAN will fairly and adequately protect the interests of the proposed class members and has no interests antagonistic with the putative class members.

46. Plaintiff understands that she is proposing to serve as a class representative to represent other who received similar form letter from Defendant where the formatting of the collection letters violated the FDCPA.

47. Plaintiff has retained counsel with experience in litigating, defending and settling consumer lawsuits and complex legal issues, and class actions. For example, in an order appointing interim lead counsel, the court in *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) appointed Mr. Vlahakis to serve as a member of the Plaintiffs' Steering Committee. *See*, Dkt. 99 (May 5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees at pp. 2-4, 6-7).

48. This action is brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure because the

use of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

49. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

52. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

53. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

54. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

55. The identities of the putative class members in both proposed classes are readily ascertainable from Defendant's records.

56. For each Count set forth below, the proposed class members can be defined as follows:

> All persons with Illinois addresses who, one year prior to the filing of this civil action, were sent a standard form collection letter by Defendant where the collection letters listed an "AMOUNT DUE" or "CURRENT AMOUNT DUE" where the letters listed "Interest Amount" as "$0.00" where the subject accounts were not accruing any interest.

### COUNT I - 15 U.S.C. § 1692e

57. Plaintiff incorporates the above paragraphs into this Count.

58. The manner in which each collection letter listed "$0.00" and not "N/A" below the "Interest Amount" column constitutes a false, deceptive or misleading representation or means to collect the subject Debt and the debts of others similarly situated in violation of Section 1692e of the FDCPA:

59. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiff AMY L. MORGAN and the putative class members are entitled to:

  a. A declaration that the subject language violates Section 1692e of the FDCPA;
  b. injunctive relief in the form of prohibiting Defendant from continuing to use the subject language;
  c. statutory damages, and
  d. reasonable attorney's fees.

### COUNT II - 15 U.S.C. § 1692e(2)(A)

60. Plaintiff incorporates the above paragraphs into this Count.

61. The manner in which each collection letter listed "$0.00" and not "N/A" below the "Interest Amount" column constitutes a violation of Section 1692e(2)(A) of the FDCPA because

9

the formatting of the collection letters in this manner constitutes a false representation regarding the character of the Subject Debt by suggesting that interest may accrue when that does not appear to be the case.

62. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiff AMY L. MORGAN and the putative class members are entitled to:

   a. A declaration that the subject language violates Section 1692e of the FDCPA;

   b. injunctive relief in the form of prohibiting Defendant from continuing to use the subject language;

   c. statutory damages, and

   d. reasonable attorney's fees.

### COUNT III - 15 U.S.C. § 1692e(10)

63. Plaintiff incorporates the above paragraphs into this Count.

64. The manner in which each collection letter listed "$0.00" and not "N/A" below the "Interest Amount" column constitutes a violation of Section 1692e(10) of the FDCPA because the formatting of the collection letters in this manner constitutes a false representation or deceptive means to collect or attempt to collect a debt.

65. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiff AMY L. MORGAN and the putative class members are entitled to:

   a. A declaration that the subject language violates Section 1692e of the FDCPA;

   b. injunctive relief in the form of prohibiting Defendant from continuing to use the subject language;

   c. statutory damages, and

   d. reasonable attorney's fees.

## COUNT IV - 15 U.S.C. § 1692f

66. Plaintiff incorporates the above paragraphs into this Count.

67. The manner in which each collection letter listed "$0.00" and not "N/A" below the "Interest Amount" column constitutes a violation of Section 1692f of the FDCPA because the formatting of the collection letters in this manner constitutes the use of an unfair or unconscionable means to collect a debt.

68. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiff AMY L. MORGAN and the putative class members are entitled to:

    a. A declaration that the subject language violates Section 1692e of the FDCPA;

    b. injunctive relief in the form of prohibiting Defendant from continuing to use the subject language;

    c. statutory damages, and

    d. reasonable attorney's fees.

## COUNT V - 15 U.S.C. § 1692g

69. Plaintiff incorporates the above paragraphs into this Count.

70. Section 1692g(a)(1) of the FDCPA provides as follows:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

71. On information and belief, the December 18, 2019, collection letter was sent to Plaintiff in an attempt to comply with Section 1692g(a)(1) of the FDCPA.

72. Alternatively, on information and belief, the January 8, 2020, collection letter was sent to Plaintiff in an attempt to comply with Section 1692g(a)(1) of the FDCPA.

73. The manner in which each collection letter listed "$0.00" and not "N/A" below the "Interest Amount" column constitutes a violation of Section 1692g(a)(1) of the FDCPA because the formatting of the collection letters in this manner failed to adequately and accurately state the amount of the subject debt.

**Wherefore**, Plaintiff AMY L. MORGAN and the putative class members are entitled to:

a. A declaration that the subject language violates Section 1692e of the FDCPA;

b. injunctive relief in the form of prohibiting Defendant from continuing to use the subject language;

c. statutory damages, and

d. reasonable attorney's fees.

*Plaintiff demands a jury trial.*

Respectfully submitted,

Plaintiff AMY L. MORGAN, individually and on behalf of all others similarly situated,

*/s/ James C. Vlahakis*

Date: February 28, 2020

James C. Vlahakis
Omar Sulaiman
Marwan R. Daher
Alexander J. Taylor
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 581-5456
Facsimile: (630) 575-8188
jvlahakis@sulaimanlaw.com